# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEA HORSE MARINE INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1082** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, L.L.C.** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Defendant Black Elk Energy Offshore Operations, L.L.C.'s ("BEEOO") "Motion to Set Aside Default."[1] Having considered the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

On April 6, 2015, Plaintiff Sea Horse Marine, Inc. ("Sea Horse") filed a complaint seeking payment due and owing for providing goods, equipment, supplies, and services to BEEOO in connection with an oil and gas well identified as Lease No. OCS-G-13563, located on the Outer Continental Shelf, West Cameron Area, Block 269, off the Coast of Cameron Parish, Louisiana.[2] Sea Horse additionally alleges that, pursuant to Louisiana law, it properly preserved and perfected a lien and privilege securing the above-described debts.[3] Sea Horse seeks recognition of the lien and damages in the amount of $350,075, as well as accruing contractual interest, late charges, attorneys' fees, and costs.

On April 16, 2015, the complaint was served on BEEOO through its agent for service of

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1.

[3] *Id.* at ¶ 11.

1

process in Louisiana, CT Corporation Systems, Inc., located in Baton Rouge, Louisiana.[4] Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served, unless it has timely waived service under Rule 4(d). BEEOO did not waive service; therefore, it was required to file an answer or responsive pleading by May 7, 2015.  BEEOO did not timely file an answer or otherwise defend itself in this lawsuit.

On May 8, 2015, Sea Horse filed a motion for default judgment based on BEEOO's failure to plead or otherwise defend in this litigation.[5] The Clerk of the Court granted Sea Horse's request, and a default was entered on May 11, 2015.[6]  BEEOO filed the pending Motion to Set Aside Default on May 18, 2015.[7] Sea Horse filed a memorandum in opposition on June 2, 2015,[8] and BEEOO filed a memorandum in further support of its motion on June 9, 2015.[9]

## Law and Analysis

### A.    Standard for Setting Aside an Entry of Default

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default if the party seeking relief shows good cause.[10] "The decision to set aside a default decree lies within the sound discretion of the district court."[11] However, "because modern federal

---

[4]  Rec. Doc. 5.

[5]  Rec. Doc. 6.

[6]  Rec. Doc. 7.

[7]  Rec. Doc. 8.

[8]  Rec. Doc. 11.

[9] Rec. Doc. 17.

[10] Fed. R. Civ. P. 55(c).

[11] *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

procedure favors trials on the merits," should a district court not set aside default, "an abuse of discretion need not be glaring to justify reversal."[12] Defaults are extreme sanctions reserved for rare occasions, and doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default.[13] While a motion to set aside an entry of default is similar to a motion to set aside a default judgment under Rule 60(b), the Fifth Circuit has stated that a motion to set aside the entry of default "is more readily granted than a motion to set aside a default judgment."[14] The standard used when setting aside an entry of default is "good cause."[15]

Under Rule 55(c), good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely."[16] When utilizing the "good cause" standard, courts typically consider (1) whether default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.[17] In the Fifth Circuit, the "good cause" test is disjunctive.[18] Moreover, these three factors are not exclusive, and courts have relied on other factors to determine whether "good cause" exists, such as: (1) whether the public interest was implicated; (2) whether there was a significant financial loss to defendant; and (3) whether the defendant acted

---

[12] *Id.*

[13] See *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[14] *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008).

[15] See *id.*

[16] *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

[17] *Id.*

[18] *Id.*

expeditiously to correct the default.[19] "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."[20]  "All of these factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored."[21] Additionally, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."[22] As such, "the requirement of good cause has generally been interpreted liberally."[23]

**B.     Analysis**

**1.      Whether Default was Willful**

BEEOO argues that its default was not willful because its agent for service of process was served with Sea Horse's complaint on April 16, 2015, and BEEOO forwarded the complaint to its counsel on or around April 24, 2015.[24] BEEOO states that "as a result of a calendaring error and the filing of numerous similar suits against [BEEOO], counsel inadvertently failed to timely answer Plaintiff's Complaint. Undersigned counsel was in the process of finalizing [BEEOO's] answer

---

[19] *Id.* (internal citations omitted).

[20] *Id.*

[21] *Lambert v. Bd. of Comm'rs of the Orleans Levee District*, No. 05–5931, 2006 WL 1581262, at *2 (E.D.La. June 7, 2006) (Vance, C.J .) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ( "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.') (internal quotations omitted)).

[22] *Lacy*, 227 F.3d at 292.

[23] *Effjohn Int'l Cruise Holdings, Inc. v. Enchanted Isle MV*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)).

[24] Rec. Doc. 8-1 at p. 4.

when made aware of the granting of the Entry of Default."[25]

In response, Sea Horse contends that BEEOO's default was "at least inexcusably neglectful."[26] Sea Horse contends that BEEOO has failed to provide evidence of the alleged calendaring error, and accordingly it has not proven that its conduct was not willful.[27] Sea Horse argues that BEEOO admits that it was properly served and that its counsel was in receipt of the complaint.[28] Moreover, according to Sea Horse, Black Elk has previously failed to respond to communications and demands by Sea Horse in connection with this dispute.[29] BEEOO, in reply, states that inadvertence or mistake of counsel alone is not considered a wilful act.[30] BEEOO also contends  the "excusable neglect" standard applies to motions to set aside a default judgment, not entry of default.[31]

BEEOO is correct that the "excusable neglect" standard applies to a motion for relief from a judgment or order pursuant to Rule 60(b)(1), but not to a motion to set aside entry of default.[32] An

---

[25] *Id.*

[26] Rec. Doc. 11 at p. 2 (citing *In re Chinese Mfrd. Drywall Prods. Liab. Litig.*, 742 F.3d 576, 595 (5th Cir. 2014)).

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] Rec. Doc. 17 at pp. 1–2 (citing, e.g., *Side by Side Redevelopment, Inc. v. City of New Orleans*, No. 09-03861, 2010 WL 375237, at *2 (E.D. La. Jan. 25, 2010)).

[31] *Id.* at p. 2.

[32] Compare Fed. R. Civ. P. 55(c) and 60(b)(1).

inadvertent error by a party's counsel alone is not generally considered a willful act.[33] Whether a defendant's failure to timely answer was willful is a finding of fact left for the district court to determine.[34] Should the district court find that the default was willful, the court need not address any other factors, and the Court of Appeals will uphold the district court so long as its finding was not clear error.[35] However, a district court may find that even in situations where the defendant willfully failed to answer or file responsive pleadings, the balance of the factors favors setting aside the entry of default.[36]

The default in this case appears to be due to an inadvertent error by BEEOO's counsel, not willful conduct.   BEEOO has represented that the default was due to a calendaring error, and that its counsel was in the process of finalizing BEEOO's answer when it was made aware of the entry of default.[37] Sea Horse filed its request for entry of default only one day after an answer was due, and it was entered by the clerk of the Court three days later.[38] Counsel's inadvertence under these circumstances does not rise to the level of willfulness, and Sea Horse cites no authority holding

---

[33] *See Maitland Bros. Co. v. Empey*, 1994 WL 449423 (E.D.La. Aug. 16, 1994) (Clement, J.) ("Mistake of counsel has generally not amounted to willful misconduct for purposes of setting aside ... an entry of default."); *see also SnoWizard, Inc. v. Robinson*, 11-515, 2012 WL 1748154, at *3 (E.D. La. May 16, 2012) (Brown, J.).

[34] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

[35] *In re OCA*, 551 F.3d at 367.

[36] See *Oddo v. Homecoming Fin. LLC*, No. 06–6888, 2007 WL 1192159 (E.D.La. Apr. 20, 2007) (Zainey, J.) ("Defendants' 'excuses' for failing to respond to Plaintiffs' lawsuit demonstrate either that they wilfully ignored the complaint or were just grossly incompetent in their handling of the complaint. Nevertheless, a judgment has not yet been entered against Tenet and Direct Mortgage and they have moved expeditiously to set aside the entries of default. The docket sheet reveals that little has taken place so far in this litigation except with regard to the instant defaults. Given the Fifth Circuit's policy in favor of resolving cases on their merits, the Court in its discretion will vacate the entries of default.").

[37] *See* Rec. Doc. 8-1 at p. 4.

[38] Rec. Doc. 7.

otherwise. Nor does Sea Horse cite any legal authority supporting its argument that BEEOO's default should be considered willful unless BEEOO provides evidence demonstrating otherwise. The Court notes that BEEOO moved to set aside the entry of default less than one week after the clerk entered the default, and that, at the same time, BEEOO filed a "Motion for Leave to File Answer."[39] The Court finds that BEEOO's delay was not willful, and that this factor favors setting aside the entry of default.

## 2.     Whether Setting Aside the Entry of Default Would Prejudice Sea Horse

BEEOO argues that no prejudice will result in setting aside the entry of default because its answer was only one day late when Sea Horse sought its entry of judgment.[40] BEEOO notes, additionally, that when it filed the pending motion, only 32 days had elapsed since the service of the complaint on BEEOO.[41] Moreover, according to BEEOO, no subsequent action has been taken by Sea Horse or this Court in the pending matter since the entry of default was granted.[42] These facts, BEEOO argues, counsel against a finding of prejudice.

In response, Sea Horse contends that it would be prejudiced if the default were set aside because "it is currently the subject of various lawsuits. The unnecessary protraction of this litigation will only frustrate Sea Horse's ability to recover the sums undisputedly owed as other judgments against Black Elk accumulate and the race to the courthouse ensues."[43] Sea Horse additionally argues that it may be prejudiced if the default were set aside because Black Elk might then attempt

---

[39] Rec. Doc. 10.

[40] Rec. Doc. 8-1 at p. 5.

[41] *Id.*

[42] *Id.*

[43] Rec. Doc. 11 at pp. 2–3.

to raise defenses which it has already waived by failing to timely answer.[44]

BEEOO replies that Sea Horse will not be prejudiced by having to prove its case.[45] BEEOO contends that Sea Horse erroneously assumes that it is "undisputedly" entitled to recover because BEEOO did not try the merits of its case in the pending motion, and that it has conceded all of Sea Horse's claims.[46] BEEOO argues that it "never attempted to try its case in its Motion to Set Aside Clerk's Entry of Default, and therefore [BEEOO] did not argue the merits of its case therein. This cannot reasonably be construed as admitting that Sea Horse's claims are undisputed."[47] BEEOO next states that Sea Horse assumes that there is a "race to the courthouse," but "[t]his is not a bankruptcy proceeding, and Sea Horse does not have a judgment against Black Elk to 'race' anywhere with."[48] Finally, BEEOO contends that being required to prove one's case is simply insufficient to support a claim of prejudice.[49]

In this case, Sea Horse would not suffer prejudice from the setting aside of the entry of default. BEEOO moved to set aside the entry of default almost immediately after the clerk entered it. The Fifth Circuit has held that "mere delay does not alone constitute prejudice."[50] Instead, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in

---

[44] *Id.* at p. 3.

[45] Rec. Doc. 17 at p. 3.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* (citing *Lacy v. Sitel Steel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)).

[50] *Lacy*, 227 F.3d at 293.

discovery, or greater opportunities for fraud and collusion."[51] Sea Horse has not made this showing. Moreover, courts have found that when defendants move to set aside default early on in litigation, plaintiffs likely will not suffer prejudice if the default is set aside.[52] In this case, nothing in the record indicates that Sea Horse will be prejudiced by setting aside the entry of default. Discovery has not yet commenced, and no trial date or deadlines have been set. The only harm that Sea Horse may suffer is that it will be required to prove its case, and such harm does not constitute prejudice.[53] The Court finds that setting aside the entry of default will not prejudice Sea Horse.

### 3.      Whether BEEOO Has Presented a Meritorious Defense

According to BEEOO, "[i]n determining whether a meritorious defense exists, the underlying concern is whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[54]  BEEOO avers that it fully intends to respond to Sea Horse's claims and, in fact, has already sought leave to file its answer.[55]

Sea Horse responds that BEEOO "presents no evidence of any possibility that the outcome after full trail [sic] would be contrary to the result achieved by the default."[56] Sea Horse additionally avers that:

Black Elk argues that because the exhibits attached to Sea Horse's Complaint

---

[51] *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

[52] *Lambert*, 2006 WL 1581262, at *3.

[53] *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (holding that "the setting aside of the default has done no harm to plaintiff except to require it to prove its case").

[54] Rec. Doc. 8-1 at pp. 5-6 (emphasis in original) (citing *SnoWizard, Inc. v. Robinson*, No. 11-515, 2012 WL 1748154, at *5 (E.D. La. May 16, 2012)).

[55] *Id.* at p. 7.

[56] Rec. Doc. 11 at p. 3.

sometimes refer to "Black Elk" as such and not by the full legal name "Black Elk Energy Offshore Operations, LLC," this somehow provides a defense. But Black Elk never contends that those exhibits refer to another entity or that it is not the party liable to Sea Horse. Moreover, the exhibits, read in their entirety and together with the Complaint, clearly demonstrate to whom they refer.[57]

In reply, BEEOO argues that the outcome of a trial on the merits would be different than the result achieved on default because this matter is governed by maritime law, and Sea Horse would therefore be unable to collect attorneys' fees under Louisiana law or under the "On Charter Agreement" allegedly governing the relationship between the parties.[58] BEEOO additionally argues that Sea Horse must still prove that BEEOO is legally responsible for payment of the invoices at issue, and contends that the documents relied upon by Sea Horse are "arguably in dispute."[59]

Under a Rule 55(c) analysis, likelihood of success is not the measure of whether a meritorious defense is presented. Rather, "Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense. In fact, even 'broad and conclusory' allegations meet the meritorious defense criterion for setting aside an entry of default."[60] "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[61] Here, there is "some possibility" that BEEOO may prevail at trial because it appears to contest whether it is legally responsible for payment of the invoices at issue.

---

[57] *Id.* at p. 3.

[58] Rec. Doc. 17 at pp. 3–4.

[59] *Id.*

[60] *Howard v. United States*, No. 93-1520, 1993 WL 353506, at *3 (E.D. La. Sept. 8, 1993) (Clement, J.) (*citing Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)).

[61] *In re OCA*, 551 F.3d at 373 (internal citations omitted).

The Court notes, additionally, that Sea Horse cites no legal authority or record documents in support of its argument, which does not appear to be responsive to BEEOO's motion or memoranda. In fact, based on the briefing before it, the Court is unable to determine the context or substance of Sea Horse's argument. The Court finds that BEEOO has shown that a "meritorious defense" may exist, and therefore this factor favors setting aside the entry of default.

**4.     Whether the Public Interest Would be Served by Setting Aside the Default**

BEEOO contends that no public interest is served by upholding an entry of default granted two business days after the deadline for filing an answer, especially "when the failure to timely file resulted from an oversight of a third party and through no culpable acts of the litigant."[62]  Sea Horse argues that BEEOO does not seriously contest liability, so a trial on the merits would waste valuable judicial resources, and "protracted litigation of this straightforward matter could effectively insulate [BEEOO] from complying with its obligations."[63] Sea Horse contends that its likelihood of actual recovery diminishes with each passing day because BEEOO is subject to various lawsuits, and that this result "not only affects Sea Horse, but derogates the public interest."[64]

The Fifth Circuit has held that the public interest factor "may cut both ways" in situations such as this "because there is a value both in allowing trial of cases on the merits and in adhering to procedural rules."[65] As such, this factor does not favor either setting aside or maintaining the default.

---

[62] Rec. Doc. 8-1 at p. 6.

[63] Rec. Doc. 11 at pp. 3–4.

[64] *Id.* at p. 4.

[65] *In re OCA*, 551 F.3d at 374.

11

**5.      Whether there is a Risk of Significant Financial Loss to BEEOO**

BEEOO argues that because Sea Horse seeks more than $350,000, a default judgment would result in a significant financial loss.[66] Sea Horse responds that the extent of financial loss to BEEOO is "minor" because the total amount sought "is not a significant amount of money to [BEEOO]."[67] Sea Horse also argues that "there is no true 'loss' to Black Elk, as Black Elk does not contest that it received goods and services in that amount, which remains due and owing to Sea Horse."[68] BEEOO replies that Sea Horse's arguments are "nothing more than self-serving conclusory allegations and speculation and are not appropriate for the evaluation of an entry of default."[69] Considering that Sea Horse seeks $350,000, as well as interest, attorneys' fees, and costs, the Court finds that there is a risk of significant financial loss to BEEOO if the entry of default is not set aside.

**6.      Whether BEEOO Acted Expeditiously to Correct the Default**

BEEOO contends that it acted expeditiously — within five business days since the default was entered — to correct the default.[70] BEEOO reavers that its answer "is to be filed along with this motion thereby curing the defect which prompted the entry of default within five business days."[71] In response, Sea Horse appears to agree, stating that "the only factor weighing in Black Elk's favor is that it acted relatively promptly in moving to set aside the default."[72]

---

[66] Rec. Doc. 8-1 at p. 8.

[67] Rec. Doc. 11 at p. 4.

[68] *Id.*

[69] Rec. Doc. 17 at p. 4.

[70] Rec. Doc. 8-1 at p. 8.

[71] *Id.*

[72] Rec. Doc. 11 at p. 2.

Considering that the parties appear to be in agreement, the Court finds that this factor favors setting aside the entry of default. This is not a case where default was entered months or weeks after responsive pleadings were due; rather, Sea Horse moved for an entry of default one day after BEEOO was to answer. Additionally, BEEOO filed the pending motion within one week of the clerk's entry of the default, and sought leave to file its answer at the same time. The Court finds that this factor therefore favors setting aside the entry of default.

## IV. Conclusion

For the reasons set forth above, the Court finds that the following factors weigh in favor of setting aside the clerk's entry of default: (1) BEEOO's default was not willful; (2) setting aside the entry of default will not prejudice Sea Horse; (3) BEEOO has shown that there is "some possibility" that the outcome of the lawsuit after a full trial will be contrary to the result achieved by default; (4) there is a risk of significant financial loss to BEEOO; and (5) BEEOO acted expeditiously to cure the default. The public interest factor does not favor either setting aside or maintaining the entry of default.  Accordingly,

**IT IS ORDERED** that BEEOO's "Motion to Set Aside Default"[73] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this  6th   day of July, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[73] Rec. Doc. 8.

13